*United States Bankruptcy Court*
*District of New Jersey*
*Clarkson S. Fisher Federal Building*
*United States Courthouse*
*402 East State Street*
*Trenton, New Jersey 08608*

*Hon. Kathryn C. Ferguson, USBJ*                                                                    *(609) 858-9351*

## LETTER DECISION

January 29, 2015

Courtney A. Schael, Esquire
Ashford – Schael LLC
511 Summit Avenue
Westfield, NJ 07090

Christopher J. Williamson
US Department of Justice
PO Box 227
Ben Franklin Station
Washington, D.C. 20044

                                          Re:    National Pool Construction, Inc.
                                                      Case No. 09-34394

                                                      Scott C. Pyfer, Liquidating Trustee vs.
                                                        David Katzman, et als.
                                                      Adversary No. 12-1232

Dear Counsel:

      The following is the court's proposed findings of fact and conclusions of law on the United States' Motion to Dismiss the First Amended Complaint, and on National Pool Construction, Inc. Liquidating Trust's Cross-Motion for Summary Judgment. The United States asserts that the First Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) based on lack of subject matter jurisdiction, or under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[1] The court took oral argument on December 9, 2014.

---

[1] All issues between the parties have been resolved, other than the legal question of the interplay between § 544 and § 106.

National Pool Construction, Inc. Liquidating Trust's ("Trust") complaint seeks to recover $47,700 in payments the debtor made to the United States on April 16, 2007. The payments were made to pay the tax obligations of the debtor's shareholders. Because the payments were made outside the § 547 statutory period, the Trust can recover the payments only under the strong arm powers of § 544, which provides that a trustee can avoid a transfer that is "voidable under applicable law by a creditor holding an unsecured claim …."[2] This provision is referenced as the "actual creditor" requirement.

The United States argues that this court lacks subject matter jurisdiction over the Trust's claims under § 544(b) because the Trust cannot satisfy the "actual creditor" requirement because the United States has not waived sovereign immunity over state law claims seeking to avoid tax payments. The Trust makes two highly technical arguments in response.

The Trust's first argument is that it should prevail because the sole issue raised in the motion was lack of subject matter jurisdiction, which the bankruptcy court has by virtue of § 106, so the court does not need to even consider the actual creditor requirement. Underpinning that argument is the Trust's assertion that sovereign immunity is a "procedural defense." That argument misconstrues the true nature of sovereign immunity. It is not a "defense" in the common sense of the word; rather, sovereign immunity shields the government from lawsuits without its consent.[3] Unlike true defenses, such as laches, that may be lost if not timely or properly pled, a claim of sovereign immunity can be raised at any time.[4] The Trust asserts that sovereign immunity is similar to other procedural defenses such as a statute of limitations. Again, that assertion mischaracterizes the nature of sovereign immunity.[5] A statute of limitation defense does not implicate a court's jurisdiction to even consider a case, while sovereign immunity does. Accordingly, the court rejects the Trust's argument that lack of subject matter jurisdiction based on sovereign immunity would only be implicated if this action were pending in state court.

The Trust's other argument is that the "actual creditor" requirement is satisfied because the Trust is only required to show an actual creditor who could bring suit, not that the actual creditor would prevail in the nonbankruptcy cause of action. As with the Trust's prior argument, this argument requires the court to accept that sovereign immunity is simply a defense but the court has already rejected that characterization. More importantly, that interpretation does not comport with the statutory language. Section 544(b) applies to a transfer that "is voidable under applicable law"; it does not say "may" be voidable.

---

[2] 11 U.S.C. § 544(b)

[3] Black's Law Dictionary (6th ed. 1990); United States v. Mitchell, 445 U.S. 535, 538 (1980) ("The United States, as sovereign, is immune from suit save as it consents to be sued.")

[4] Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction … may be raised by a party, or by a court on its own initiative, at any stage of the litigation, even after trial and entry of judgment.")

[5] The Trust cites to Treasurer v. United States, 684 F.3d 382 (3d Cir. 2012) for the proposition that sovereign immunity is a defense, but the court finds the Third Circuit's analysis of the concept of sovereign immunity in that case entirely consistent with this ruling.

The question before the court thus becomes what effect, if any, § 106(a)'s abrogation of sovereign immunity with respect to § 544(b)(1) has on the substantive requirements of § 544(b)(1). Stated another way: Does § 106 allow a trustee to prevail without satisfying the "actual creditor" requirement? Courts are divided on the question of the scope of § 106(a)'s sovereign immunity abrogation. Some courts have concluded that § 106(a)'s abrogation of sovereign immunity is so broad that it overrides the "actual creditor" requirement.[6] Other courts find that § 106 merely allows a § 544 claim to proceed against a government entity while leaving intact all other aspects of § 544.[7]

The sole Circuit Court of Appeals[8] to directly address the issue is the Seventh Circuit. That court found that "106(a)(1) does not displace the actual-creditor requirement in § 544(b)(1)."[9] This court finds the Seventh Circuit's analysis of the issue in Equipment Acquisition Resources to be cogent and well-reasoned. Importantly, the court finds that the Seventh Circuit's decision is consistent with the Supreme Court's sovereign immunity jurisprudence. The Supreme Court has stated on numerous occasions "that a waiver of sovereign immunity must be 'unequivocally expressed' in statutory text."[10] Any ambiguities in the statutory language are to be construed in favor of immunity.[11] The Supreme Court also construes any ambiguities in the scope of a waiver in favor of the sovereign.[12]

With those considerations in mind, this court turns to the language of § 106. The statute provides that "sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section … (5) Nothing in this section shall create any substantive claim for relief or cause of action not otherwise existing under this title, the Federal Rules of Bankruptcy Procedure, or nonbankrupty law."[13] It could reasonably be argued that extending the waiver of sovereign immunity to include a waiver of sovereign immunity under state law would be creating a nonbankruptcy law cause of action. Other courts disagree with that interpretation of § 106(a)(5).[14] Ultimately, it is immaterial which interpretation is correct, because "the Court has instructed that where there exists a plausible interpretation of a provision that would preserve immunity – even if that interpretation is not the only reading available – that 'is enough to establish that a reading imposing monetary liability on the Government is not 'unambiguous' and

---

[6] *See, e.g.,* David Cutler Indus., Inc. v. Penn. Dep't of Revenue (In re David Cutler Indus., Ltd.), 471 B.R. 110 (Bankr. E.D. Pa. 2012); Furr v. United States Dep't of Treasury (In re Pharmacy Distrib. Services, Inc.), 455 B.R. 817 (Bankr. S.D. Fla. 2011)

[7] *See, e.g.,* Bauer v. G.E. Capital Corp. (In re Oncology Assocs. of Ocean County LLC), 510 B.R. 463 (Bankr. D.N.J. 2014); Grubbs Constr. Co. v. Fla. Dept. of Revenue (In re Grubbs Constr. Co., 321 B.R. 346 (Bankr. M.D. Fla. 2005)

[8] The Eleventh Circuit has noted that a controversy exists on the issue of the interplay between § 544 and § 106, but it has chosen not to enter the fray. In re Custom Contractors, LLC, 745 F.3d 1342 (11th Cir. 2014)

[9] In re Equipment Acquisition Resources, Inc., 742 F.3d 743 (7th Cir. 2014)

[10] F.A.A. v. Cooper, -- U.S. --, 132 S. Ct. 1441 (2012)

[11] United States v. Williams, 514 U.S. 527 (1995)

[12] Lane v. Pena, 518 U.S. 187 (1996)

[13] 11 U.S.C. § 106(a)(5)

[14] *See, e.g.,* In re DBSI, Inc., 2011 WL 607442 (Bankr. D. Del. 2011)

3

therefore should not be adopted.'"[15]  As Judge Kaplan recently noted in In re Oncology Associates of Ocean County LLC,[16] "when it comes to sovereign immunity, ties go to the government." Here, the court finds there are two plausible interpretations of § 106; therefore, it will adopt the interpretation that preserves sovereign immunity.

The court grants dismissal in favor of the United States, and denies the Trust's cross-motion for summary judgment. The court will enter the proposed order the United States submitted with its motion, and will enter the standard order denying the cross-motion.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge

---

[15] Equipment Acquisition at 750 (quoting United State v. Nordic Village, Inc., 503 U.S. 30 (1992))

[16] 510 B.R. 463 (Bankr. D.N.J. 2014) (quoting Equipment Acquisition at 750)